UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x

SPIRIDON ARGYROS, TIFFANY IVEY, JONATHAN
PEIRCE, individually and on behalf of a class and subclass of
all others similarly situated,

                                                  Plaintiffs,

-against-

THE CITY OF NEW YORK, POLICE OFFICER DANIEL
FODY, shield no. 08352, POLICE OFFICERS JOHN DOE
and JANE ROE and other unidentified members of the New
York City Police Department,

                                                  Defendants.
----------------------------------------------------------------------x

**STIPULATION OF SETTLEMENT**

13CV2946 (SLT) (RML)

        **WHEREAS,** plaintiffs commenced this action by filing a complaint on or about May 20, 2013, and an amended complaint on or about August 7, 2013 alleging that the defendants violated plaintiffs' federal civil and state constitutional and common law rights; and

        **WHEREAS,** defendants City and Police Officer Daniel Fody have denied any and all liability arising out of plaintiffs' allegations; and

        **WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

        **WHEREAS,** plaintiffs have authorized their counsel to settle this matter on the terms set forth below.

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

        1.     The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees except as specified below.

2. For the purposes of this Stipulation of Settlement, "Operation Lucky Bag" is defined as an operation conducted by the New York City Police Department ("NYPD") in which NYPD members purposefully leave what appears to be an unattended bag that contains a valuable item(s) or a valuable item(s) not contained in a bag, and arrest the persons who pick up the bag and/or remove or attempt to remove the valuable, or pick up the valuable item(s) not contained in a bag.

3. The NYPD will prepare an Operations Order providing that:

    a. Arrests shall be made as part of a Operation Lucky Bag only when there is probable cause to believe that:

        i. There is a separation of any valuables from the rest of the property where the remaining property is left behind or discarded and/or;

        ii. A trespassory taking occurs, where a perpetrator removes property from someone else's belongings, e.g., a purse hanging on a bike, a bag in a stroller, or an object in an unlocked car and/or;

        iii. If an individual who has taken property is approached by a police officer, and the individual denies seeing or possessing the property after the police officer has identified him or herself as such.

    b. Before any operation is conducted pursuant to Operation Lucky Bag, the commanding officer, executive officer, or special operations lieutenant of the precinct will confer with the NYPD Legal Bureau regarding the proposed Lucky Bag operation.

    c. In each Lucky Bag Usual Occurrence Report the signatory must identify whether the arrest was the result of:

    i. A separation of any valuables from the rest of the property where the remaining property is left behind or discarded and/or;

    ii. A trespassory taking/or;

    iii. An individual has taken property and was approached by a police officer, and the individual denied seeing or possessing the property after the police officer has identified him or herself as such.

4. The NYPD Legal Bureau shall develop a training program offered to designated supervisors to ensure Lucky Bag operations are conducted in accordance with paragraph 3. This training will occur at least every six months. Only supervisors who have been trained by the Operation Lucky Bag training program may lead Lucky Bag operations. Supervisors will not be required to attend the updated training more than once.

5. The NYPD shall develop a training component that will be included in the Police Academy training of newly appointed police officers by January 2015 that addresses Operation Lucky Bag as modified herein.

6. On December 31, 2014, March 31, 2015, June 30, 2015 and September 30, 2015 and on December 31, 2015, March 31, 2016, June 30, 2016, and September 30, 2016 the NYPD Legal Bureau will provide a report, subject to the terms of the Confidentiality Stipulation filed on February 26, 2014 in connection with this action and ordered on March 1, 2014, to plaintiffs' counsel in this action that details:

  a. The number of Lucky Bag operations conducted;

  b. The precincts where Lucky Bag operations were conducted;

  c. The number of arrests from Lucky Bag operations, including;

      i. The number of Lucky Bag arrests from separation of valuables;

      ii. The number of Lucky Bag arrests from trespassory takings;

      iii. The number of Lucky Bag arrests from denial of possession of found property to an identified police officer;

    d. The Usual Occurrence Report and Arrest Report for all persons arrested pursuant to Operation Lucky bag, redacting the personal information of those arrested.

7. The Court shall maintain jurisdiction over the matter for one (1) year.

8. Defendant City of New York hereby agrees to pay plaintiff Spiridon Argyros the sum of Fifteen Thousand ($15,000.00) Dollars; plaintiff Tiffany Ivey the sum of Twenty-Five Thousand ($25,000.00) Dollars and plaintiff Jonathan Peirce the sum of Ten Thousand ($10,000.00) Dollars in full satisfaction of all claims, except claims for costs, expenses and attorneys' fees. In consideration for the payment of these sums, plaintiffs agree to dismissal of all the claims against the defendants and to release the defendants and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action related to allegations of a violation of plaintiffs' civil rights and any and all related state law claims, from the beginning of the world to the date of the Release, including claims for costs, expenses, and attorneys' fees.

9. Plaintiffs hereby assign any and all claims for costs, expenses and attorneys' fees to their attorneys Siegel, Teitelbaum and Evans LLP, McLaughlin & Stern, LLP, and Cutler & Parlatore, PLLC.

10. Plaintiffs each shall execute and deliver to defendant City of New York's attorney all documents necessary to effect this settlement, including, without limitation, a Release based on the terms of paragraph 8 above and an Affidavit of Status of Liens. Prior to tendering the requisite documents to effect this settlement, Medicare-recipient plaintiffs must obtain and submit a final demand letter from Medicare for the reimbursement of any conditional payments made by Medicare for any injury or condition that is the subject of this lawsuit. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.

11. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiffs' rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules or regulations of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations, except to enforce the terms of this Stipulation of Settlement.

12. Nothing contained herein shall constitute a policy or practice of the City of New York our any agency thereof.

13. Plaintiffs agree to hold harmless defendants regarding any liens or past and/or future Medicare payments, presently known or unknown, in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

14. The parties agree that plaintiffs' counsel are entitled to an award of reasonable attorneys fees and costs pursuant to 42 U.S.C. 1988, the amount of which shall be determined by this Court absent an agreement between the parties.

15. This Stipulation of Settlement is contingent upon the City waiving its right to impose or exercise any lien upon any plaintiff as set forth in paragraph 10 herein. In the event the City declines to provide the waiver, plaintiffs may notify the Court. In such event and at the option of the plaintiffs, this Stipulation of Settlement shall be deemed null and void and the litigation shall resume pursuant to a schedule to be determined by the Court.

16. The Stipulation of Settlement contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of the Stipulation regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

17. This Stipulation may be executed in counterparts.

Dated: New York, New York
       September 16, 2014

SIEGEL TEITELBAUM & EVANS, LLP

By: /s/ Norman Siegel
Norman Siegel
Herbert Teitelbaum
Sharon Sprayregen
260 Madison Avenue, 22nd Floor
New York, New York, 10016

ZACHARY W. CARTER

By: _____
Dara L. Weiss, Senior Counsel
Corporation Counsel of the
  City of New York
100 Church Street, Rm. 3-201
New York, New York 10007

*Attorneys for Defendants*

CUTLER & PARLATORE, PLLC

By: /s/ Timothy C. Parlatore
Timothy C. Parlatore
260 Madison Avenue, 22nd Floor
New York, New York 10016
212-679-6669

McLAUGHLIN & STERN, LLP

By: /s/ Alan Sash
Alan Sash
260 Madison Avenue
New York, NY 10016
(212) 448-1100

*Attorneys for Plaintiffs*

SO ORDERED:

_____